UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT STEIN, | ) | CASE NO. 3:20-cv-2722 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN ED SHELDON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation (Doc. No. 15 (R&R)) of Magistrate Judge Carmen E. Henderson, recommending that this Court dismiss the petition for a writ of habeas corpus filed by *pro se* petitioner Scott Stein ("Stein") under 28 U.S.C. § 2254 (Doc. No. 1 (Petition)) in its entirety. Stein filed objections to the R&R. (Doc. No. 17 (Objection).) He also requests an evidentiary hearing. (*Id.* at 5.[1]) Respondent Ed Sheldon filed neither a response to Stein's objections, nor his own objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted a de novo review of the matters raised in the petitioner's objections. For the reasons discussed below, Stein's objections to the R&R are OVERRULED, the R&R is ACCEPTED, Stein's petition is DISMISSED, and Stein's request for an evidentiary hearing is DENIED.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system

I. **BACKGROUND**

The R&R sets forth the factual and procedural history of this case in detail. Stein does not take issue with the magistrate judge's recitation of the factual and procedural history, and the Court accepts the magistrate judge's summary, as if rewritten herein. (*See* Doc. No. 15, at 2–13.) Nonetheless, the Court will provide enough background information to put Stein's objections in context.

On November 10, 2016, Stein was arrested after a woman who had been arrested for drug activity informed law enforcement that he was her drug dealer. *State v. Stein*, No. 10–17–13, 2018-Ohio-2345, ¶¶ 2–7, 2018 WL 3026049 (Ohio Ct. App. June 18, 2018). After Stein's arrest, law enforcement officers searched a Toyota Camry he had been seen driving and found a large quantity of methamphetamine and two guns. *Id.* ¶¶ 7–8.

Following a trial in an Ohio state court, a jury found Stein guilty of one count of aggravated possession of drugs, in violation of Ohio Rev. Code §§ 2925.11(A), 2925.11(C)(1)(e); three counts of having a weapon under disability, in violation of Ohio Rev. Code §§ 2923.13(A)(2), 2923.13(B); and three counts of receiving stolen property, in violation of Ohio Rev. Code §§ 2913.51(A), 2913.51(C). (Doc. No. 9-1 (State Court Record), at 131–32.) The trial court sentenced Stein to an aggregate term of fourteen years in prison, to run consecutive to a six-year prison term imposed in another case. (Doc. No. 9-1, at 136.) Stein pursued various appeals in state court before filing the present federal habeas petition. (*See generally* Doc. No. 9-1.)

Stein asserted seven grounds for relief in his habeas petition: (1) "The trial court abused its discretion when it did not provide a substitution of appointed counsel after Stein demonstrated that a breakdown in the attorney-client relationship occurred[;]" (2) "Stein received ineffective

2

assistance of counsel because his attorney repeatedly failed to object to inadmissible[] and prejudicial hearsay[;]" (3) "Stein received ineffective assistance of counsel because his attorney failed to prevent the jury from learning about other crimes for which he was charged[;]" (4) "Stein received ineffective assistance of counsel because his attorney withdrew a meritorious motion requesting that the evidence found in the Toyota Camry be suppressed[;]" (5) "The cumulative effects of Stein's first four assignments of error denied him a fair trial[;]" (6) "Stein received ineffective assistance of counsel because his attorney withdrew a meritorious motion to suppress evidence found in his Toyota Camry." (duplicative of Ground Four); and (7) "Ineffective Assistance of Appellate Counsel[.]" (Doc. No. 1, at 3–15; Doc. No. 1-1 (Assignments of Error), at 1–2; Doc. No. 1-2 (Statement of the Case and Facts), at 1.) In the R&R, the Magistrate Judge determined that Grounds Four, Five, Six, and Seven are procedurally defaulted (Doc. No. 15, at 19−24) and that Grounds One, Two, and Three are meritless. (*Id.* at 24–42.)

## II.     STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that

is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III.     OBJECTIONS

As a threshold matter, the Court notes that it is very difficult to follow Stein's filing and discern his objections. Further, many of his objections merely repeat arguments from his Traverse (Doc. No. 13 (Traverse)) and are not proper objections. Despite the objections' lack of specificity, in an abundance of caution, the Court will address each of the objections as best the Court can decipher them.

### A. Objections Relating to Petitioner's Suppression Motion (Grounds Four and Six)

Two of the claims the Magistrate Judge found to be procedurally defaulted were Grounds Four and Six, which both state that Stein's trial counsel was ineffective in withdrawing a motion to suppress evidence found in the Toyota Camry.[2] (Doc. No. 1, at 9, 13; Doc. No. 1-1, at 2; Doc. No. 1-2, at 1.) Stein argues that the claims the magistrate judge deemed procedurally defaulted "should be looked into[,] as these issues were brought to the Ohio Supreme Court on his first direct Appeal." (Doc. No. 17, at 1.)

In order for Stein to "fairly present" his claims and thus avoid procedural default, he was required to present each claim to the appropriate courts throughout Ohio's appellate process. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999)). At the time of the federal habeas petition, the petitioner may no longer raise claims that were not raised in the state's appellate courts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). The arguments Stein presented to the Ohio Supreme Court in his direct appeal did not include the claims the magistrate judge has now deemed to be procedurally defaulted. (*See* Doc. No. 9-1, at 317.) Therefore, the magistrate judge did not err in determining that Ground Four and Ground Six are procedurally defaulted.

---

[2] In the R&R, Magistrate Judge Henderson writes that Ground Four relates to trial counsel withdrawing a motion to compel (sic) evidence found in the Toyota Camry (Doc. No. 15, at 19) and that Ground Six relates to trial counsel withdrawing a motion to suppress evidence found in the Toyota Camry. (*Id.* at 20.) Upon review, the Court finds that Grounds Four and Six are duplicative, both arguing that trial counsel was ineffective for withdrawing a motion to suppress. (*See* Doc. No. 1, at 9, 13; Doc. No. 1-1, at 2; Doc. No. 1-2, at 1.) As such, the Court considers the objections relating to these Grounds together.

Stein also seems to suggest that he has overcome any procedural default by a showing of actual innocence. (*See* Doc. No. 17, at 4–5.) Even in the absence of cause and prejudice, a petitioner may be able to overcome a procedural default that would otherwise bar habeas review if the petitioner can establish that failure to review his habeas claim will result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). The exception for a fundamental miscarriage of justice has been explicitly tied to a petitioner's ability to demonstrate actual innocence. *Schlup v. Delo,* 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Actual innocence requires a showing of factual innocence, not mere legal insufficiency. *Schlup*, 513 U.S. at 324; *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (to establish actual innocence, a habeas petitioner must show "factual innocence, not mere legal insufficiency[ ]"). "To succeed on a claim of 'actual innocence,' a petitioner must offer 'new reliable evidence' showing that a 'fundamentally unjust incarceration' has occurred." *Keith v. Voorhies*, No. 1:06-cv-2360, 2009 WL 185765, at *7 (N.D. Ohio Jan. 23, 2009) (citing among authority *House v. Bell,* 547 U.S. 518, 536–37, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

Stein has not made a showing of actual innocence sufficient to overcome the procedural default. Even a meritorious motion to suppress would establish only mere *legal* insufficiency, not *factual* innocence. *See Bousley*, 523 U.S. at 623. After arguing that he has overcome the procedural default, Stein makes arguments as to the merits of his claims regarding the motion to suppress. (*See* Doc. No. 17, at 5.) But because he has not overcome the procedural default, these arguments are unavailing.

6

### B. Objection Relating to Appellate Counsel's Failure to Authenticate Affidavits (Ground Seven)

Stein objects generally to the magistrate judge's conclusion that his claim that his appellate counsel was constitutionally ineffective (for failing to argue that trial counsel was ineffective for failing to obtain video evidence from the search of the Camry) (Ground Seven) is procedurally defaulted. (*See* Doc. No. 15, at 24; Doc. No. 17, at 1.) As with Grounds Four and Six, discussed above, Stein failed to raise this argument before the Ohio Supreme Court. (*See* Doc. No. 9-1, at 317.) He does not argue cause and prejudice to overcome the default. *See Coleman*, 501 U.S. at 750. Furthermore, he has not made a showing of actual innocence sufficient to overcome the procedural default because even if Ground Seven was meritorious, it would establish only legal insufficiency, not factual innocence. *See Bousley*, 523 U.S. at 623. Therefore, the magistrate judge did not err in determining that this claim is procedurally defaulted.

### C. Objection Relating to Trial Court's Failure to Substitute Counsel (Ground One)

Stein contends that the magistrate judge incorrectly determined that the trial court did not abuse its discretion in denying Stein a substitution of appointed counsel. (*See* Doc. No. 17, at 3.) This objection merely repeats the argument from his Traverse that Stein's disagreement with his counsel regarding the motion to suppress represented a breakdown of the attorney-client relationship. (*See* Doc. No. 13, at 3–4, 6.) The magistrate judge found that this difference of opinion as to trial strategy did not demonstrate a conflict that necessitated substitution (*see* Doc. No. 15, at 31), and the objection fails to identify for this Court's review where the specific error is in the R&R's reasoning and/or legal standard(s).

District courts in this circuit (and other circuits) have consistently held that a petitioner's

7

objections fail the test of specificity when they simply repeat arguments already presented to the magistrate judge, without demonstrating the factual or legal error in the magistrate judge's analysis. These courts conclude that such objections do no more than express dissatisfaction with, and general objection to, the R&R. *See Cannon v. Potter*, No. 1:16-cv-1849, 2019 WL 4315931, at *3 (N.D. Ohio Sept. 12, 2019) (citing *Roach v. Hoffner*, No. 1:13-cv-42, 2016 WL 386151, at *1 (W.D. Mich. Feb. 2, 2016) ("Petitioner's objections essentially reiterate the same arguments he presented in his petition ... [and] fail to demonstrate any factual or legal error in the [m]agistrate [j]udge's analysis, only [p]etitioner's dissatisfaction with, and general objection to, the ... recommendation."); *Green v. Andrews*, No. 07-cv-2093, 2010 WL 1957482, at *6 (N.D. Ohio May 14, 2010) (finding petitioner's general objections "amount to approximately ten pages of text lifted verbatim" from her traverse and "do not serve the purposes of [Fed. R. Civ. P.] 72(b), which requires the Court to conduct a *de novo* review only of the portions of the . . . R&R to which a party objects"); *Turner v. Tilton*, No. 07-cv-2036, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (concluding petitioner did not make "an objection to any specific portion of the [R&R]" where petitioner discussed only the claims made in the petition and did not address the substance of the magistrate judge's findings)); *see also Rush v. City of Mansfield*, 771 F. Supp. 2d 827, 833 n.2 (N.D. Ohio 2011) (noting that the approach of using "objections" that merely incorporate arguments from the initial briefing "undermine[s] the purpose of the Magistrate's Act to provide assistance of subordinate judicial officers to Article III judges" because "[i]f an Article III judge must repeat the process in which the magistrate judge engaged, instead of being directed to specific objections, what use is the reference?") (quoting *Gonzales v. Wolfe*, No. 1:04-cv-208, 2006 WL 2792167, at *1–2 (S.D. Ohio July 5, 2006), *adopted*, 2006 WL 2792162 (S.D. Ohio Sept. 26,

2006), *aff'd*, 290 F. App'x 799 (6th Cir. 2008)). Therefore, this Court concludes that Stein's "recitation of his earlier briefing does not constitute a specific objection to [the R&R] and does not satisfy the requirements for *de novo* review under § 636 and Rule 72." *Cannon*, 2019 WL 4315931, at *3.

Stein does raise a new fact in his objection, which is that his trial counsel told him he would be handcuffed and muzzled for the duration of his trial if he argued too much about the motion to suppress. (Doc. No. 17, at 3.) But "absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Stein has not provided any reason, let alone a compelling reason, why this issue was not raised in his petition. Therefore, this argument is not properly before the Court.

### D. Objection Relating to R&R's Finding of No Prejudice from the Failure to Object to Hearsay Testimony (Ground Two)

Stein argues that the magistrate judge was incorrect in finding that no prejudice resulted from his trial counsel's failure to object to hearsay testimony from the state's witnesses. (*See* Doc. No. 17, at 3; Doc. No. 15, at 32.)

When reviewing a state court's ruling on an ineffective assistance of counsel claim, federal habeas courts must utilize a "'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15, 134 S. Ct. 10, 187 L. Ed. 2d 348 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011)). "We take a 'highly deferential' look at counsel's performance . . . , through the 'deferential lens of § 2254(d)[.]'" *Cullen*, 563 U.S. at 190 (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Knowles v. Mirzayance,* 556 U.S.

9

111, 121 n.2, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009)). Stein's general objections to the Magistrate Judge's conclusions are woefully deficient to demonstrate any entitlement to federal habeas relief given this double deference standard.

As the magistrate judge acknowledged, the Ohio Court of Appeals determined that Stein's trial counsel should have objected to some of the statements in question. (*See* Doc. No. 15, at 35.) But then, applying *Strickland*, 466 U.S. at 694, the Court of Appeals found a lack of prejudice resulting from this error. The magistrate judge deferred to the appellate court's findings that "it is unreasonable to believe that a juror would rely solely on . . . two hearsay statements, made over the course of three days of testimony, in reaching the jury's verdict" and "'in view of other evidence establishing Stein's guilt[,]' the admission of [the hearsay testimony] was harmless 'beyond a reasonable doubt.'" (Doc. No. 15, at 39 (quoting *Stein*, 2018-Ohio-2345, ¶¶ 42, 52).) Stein fails to specify how the magistrate judge erred in this determination; he merely disagrees with her. (*See* Doc. No. 15, at 3.) As explained above, a petitioner's objections fail the test of specificity when they simply repeat arguments already presented to the magistrate judge, without demonstrating the factual or legal error in the magistrate judge's analysis. Therefore, this objection fails.

### E. Objection Relating to R&R's Finding of No Prejudice from the Introduction of Other Charges (Ground Three)

Stein takes issue with the Magistrate Judge's conclusion that no prejudice resulted from his trial counsel's failure to object to the introduction of an indictment from another case. (*See* Doc. No. 17, at 6.) Again, this objection is not sufficient to establish entitlement to federal habeas relief under the double deference standard.

Stein argues in his objection, and the magistrate judge also acknowledged, that the Ohio

Court of Appeals agreed with Stein that his counsel should have objected to portions of a pending indictment being presented to the jury. (Doc. No. 17, at 6; Doc. No. 15, at 40.) The magistrate judge found that no prejudice resulted from this error. (*See* Doc. No. 15, at 41 (citing *Strickland*, 466 U.S. at 694).) Specifically, the magistrate judge agreed with the appellate court's determination that "given the overwhelming evidence establishing Stein's guilt, we cannot find that . . . but for appointed counsel's actions with respect to the . . . indictment, there is a reasonable probability that the result of the proceedings would have been different." (Doc. No. 15, at 41 (quoting *Stein*, 2018-Ohio-2345, ¶ 57).) Stein does not explain how the magistrate judge's determination was erroneous. Again, a petitioner's objections fail the test of specificity when they simply repeat arguments already presented to the magistrate judge. Thus, this Court may not consider this objection.

### F. Objection Relating to R&R's Treatment of the Traverse

Stein argues that his "Traverse was never considered in the Report" and it "should be taken into consideration." (Doc. No. 17, at 1.) One issue with this "objection" is that it is simply not supported by the record. The magistrate judge clearly read the Traverse, as she cites to it six times in the R&R. (*See* Doc. No. 15, at 1, 20, 23, 24, 38, 39.) Furthermore, Stein never clearly sets forth which portion of the Traverse the magistrate judge failed to consider or how it would have affected the R&R. (*See generally* Doc. No. 17.) His objection suggests that the magistrate judge should have considered his arguments regarding the search of the Toyota Camry and the body camera footage of that search. (*See* Doc. No. 17, at 1.) But such arguments pertain to the merits of Grounds Four and Six. As explained above, the magistrate judge properly found that those grounds were procedurally defaulted. Therefore, this Court may not consider those grounds on the merits. For

11

these reasons, this objection fails.

## IV. REQUEST FOR AN EVIDENTIARY HEARING

Stein argues that exculpatory evidence, including "police body cam footage" and "questions about an illegal search from the night of arrest[,]" "has never been viewed." (Doc. No. 17, at 1.) He contends that an evidentiary hearing is necessary for him to "address the body cam footage [depicting events prior to the issuance of the search warrant for the Toyota Camry Stein had driven], the warrant [for a search of the Toyota Camry] at face value, and finally be able to question the two [police officers] associated with this case." (*Id.* at 5; *see Stein*, 2018 WL 3026049 ¶¶ 8, 24.)

"If a habeas petitioner presents a factual dispute, then 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Pola v. U.S.*, 778 F.3d 525, 532 (6th Cir. 2015) (quoting *Huff v. United States,* 734 F.3d 600, 607 (6th Cir. 2013)). The evidentiary hearing is mandatory unless "the record conclusively shows that the petitioner is entitled to no relief." *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). As explained above, the record in this case "conclusively shows" that Stein's claims regarding the motion to suppress evidence found in the Toyota Camry are procedurally defaulted. Therefore, Stein is not entitled to an evidentiary hearing regarding these claims.

## V. CONCLUSION

For the reasons provided, Stein's objections are OVERRULED, the R&R is ACCEPTED, Stein's petition is DISMISSED, and Stein's request for an evidentiary hearing is DENIED. Further, for all the same reasons, the Court finds that "reasonable jurists" would not debate the Court's decision. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542

(2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. 22(b).

    **IT IS SO ORDERED**.

Dated: February 21, 2024

        **HONORABLE SARA LIOI**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**